The next case this morning is 523-0273, People v. Pitts. Arguing for the appellant is Richard Whitney. Arguing for the appellee is Ivan Taylor Jr. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Good morning, counsel. How are you all? Good morning. I'm good. Good morning, your honor. Thank you. Mr. Whitney, hope you're doing well. Good to see you. Thank you. Same here. I am. Thank you. Good. Are you ready to proceed today? I am. Can you hear me okay? We can. If we stop in the middle, this last case, we had a recording issue, so I'm just going to ask Madam Clerk, if we do have a recording issue pop up, just let us know so we can stop so hopefully we can get that resolved so we can make sure we get everything recorded. So hopefully we won't have a problem. So with all that said, go right ahead. Thank you. May it please the court, counsel, Richard Whitney representing the defendant John D. Pitts. Your honor, the primary legal principle that we are defending in this appeal is one that is well settled and straightforward. Where a defendant makes a clear and unequivocal request to represent himself and that request is knowing and intelligent, both the U.S. and Illinois constitutions require our courts to grant that request. As our Supreme Court stated, counsel, yes, I have procedural questions about this case. I'd like to ask you before you go further. Can you hear me? Yes, I can. Thank you. Okay. Okay. There was an order in this case on August 12, 2022. Wasn't that a final and appealable order? We take the position that it, although it appeared to be that it was not for several reasons. For, well, a couple of reasons. First of all, the court issued a subsequent order on October 7, 2022, taking the position that its earlier order was premature and it said set aside that order. And I realized there is a threshold issue here, a jurisdictional issue, because the court in that order said that it had stayed the premature notice of appeal that had been filed by Mr. Pitts. The premature court stay in notice of appeal. Well, right. I agree. We're not defending the proposition that it could do that. Although I would point out that if the court had simply said the defendant's notice of appeal is premature and it's hereby stricken, there would be no jurisdictional issue. It could have done that. So this court could take the position that it just misspoke. Clearly, that was the intent of the court was to say it was premature because the essence of what it said on October 7, 2022, was that it had overlooked the fact that, well, maybe Mr. Pitts had some other grounds for trying to withdraw his plea. So thereby I set aside the August order. However, I don't think that's one possible way to resolve this. However, I don't think this court needs to do that because the trial court regained jurisdiction pursuant to the revestment doctrine. As we pointed out pretty thoroughly in our reply brief after the state raised this jurisdictional issue in its brief. And we touch all the bases on the revestment doctrine. Both parties agree that the Illinois Supreme Court in Bailey set the correct standard. There's a three-part test in which both parties must actively participate in proceedings. Both must fail to object to the untimeliness of late filings. And both must assert positions that make proceedings inconsistent with the merits of the prior judgment, in this case, the August judgment, and support setting aside at least some part of that judgment. Well, all three of these bases were touched. I'm sorry, go ahead. In the record, there is a pro se letter from the defendant dated February 1st, 2023, which states, I am objecting to the court's attempt to stay my appeal on the courts denying me the opportunity to have a substitution of counsel, forcing me to on my motion to withdraw plea with the same attorney to which the motion to withdraw plea is based on his personal ineffective assistance of counsel. Now, how can you have all parties agreeing with that pro se letter? All parties did not agree with the pro se letter. However, all parties took positions inconsistent with accepting the merits of the judgment on August 12th, 2022. Despite Mr. Pitts making that statement, he proceeded to argue further that the court was in error and that there were additional grounds for withdrawing his motion to withdraw his guilty plea that had not been presented before. So clearly, he was not accepting that judgment from August 12th, 2022, despite that statement. And of course, that very letter was accompanied by his motion to proceed pro se, which also, if you're motioning to proceed pro se. Okay. I'm sorry? Well, right. So a little bit of a delay. He wanted more over each other. Yeah. I apologize, Your Honor. Well, I don't think we heard clearly. I don't think we heard what you were saying. Could you repeat that? I'll just go ahead with your argument substantively, Mr. Whitney. Okay. And if I spoke over you, that was unintentional. Sorry about that. But in any event, despite what Mr. Pitts may have said in that letter, he did want additional proceedings. He argued. He presented additional arguments. He filed his motion to proceed pro se. So overall, he clearly took positions that were inconsistent with the validity of the August 12th, 2022 judgment. In addition, the state did too. It did so in several respects. And all of this occurred at the hearing on April 19th, 2023, where it approved of the court appointing McGrath, attorney McGrath to consist to continue assisting Mr. Pitts with any other claims he might have for withdrawing his plea other than an effective assistance to counsel. It argued against the pro se documents that Mr. Pitts had filed after October 722, instead of arguing that the motion to withdraw a guilty plea had already been rejected by the court. It took the position that the case was ready for appeal at that time, meaning in April of 2023, which means that it too regarded the prior notice of appeal as being premature or invalid. And it took the position that attorney McGrath should file a Rule 604B certificate at that time. Another position demonstrating that it too did not regard the August 12, 2022 order as a final disposition of the courts of Mr. Pitts's post plea motion. All of that is found at the record in the reports of proceedings at 143 to 145. So those three pages alone show that the state was taking several positions that were inconsistent with accepting the August 12, 2022 judgment as a final one. And it even agreed that the court had, it never argued that the court had already lost jurisdiction. So it clearly agreed that the court had correctly set aside the August 12, 2022 order when it, in August, in October 7, 2022, when it ordered additional proceedings. So you go down this list here, all of these things that the state said, inconsistent with the position that the state is taking now in this appeal. It clearly took the position the court had not lost jurisdiction. And therefore, all three of the bases for the revestment doctrine apply. And the court was revested with jurisdiction based on all of these additional proceedings and the positions taken by both parties. That being the case, then when you turn to the merits, well, it's very clear for the reasons I already stated at the outset, as our Supreme Court stated in People v. Haynes, although a court may consider the decision and wise, a defendant's knowing and intelligent election to represent himself must be honored out of that respect for the individual, which is the lifeblood of the law. It's very clear that courts cannot simply ignore a request to represent oneself. And yet Mr. Pitts filed a motion, it was entitled a motion to proceed pro se, stating I am now motioning the court to proceed pro se based on the following reasons, and then he lists his reasons. It's hard to conceive of a more clear and unequivocal request than that. So clearly he was making the request and it's clear based on Haynes and the great case we cited in the brief, court can't simply ignore a request like that, yet astonishingly the court did. Now, I realize we also raised a Rule 401 issue, courts can't ignore that either, but I see that my time has expired. If I could just complete a very brief thought, your honors. Go right ahead. And that is that I don't think that we reached the Rule 401 issue really, because you can't just ignore the request. And even if this court takes the position, agreeing with the state and the fourth district in the Young case, that Rule 401 doesn't apply to post plea proceedings, well, that doesn't matter. All that would mean is that it's already been established that his request to represent himself was knowing and intelligent, so it should have just granted the request, yet it didn't, it did nothing. And for these reasons, we respectfully request that the court vacate the judgment of the court below and remand this case for denying his request to withdraw his guilty plea and remand this case for further proceedings. Thank you. Well, thank you, counsel. Before I move on, Justice Moore, do you have any questions? Yeah. Mr. Whitney, I took up a lot of your time. Anything else you want to add to your argument? No, thank you, your honor. I think I got to the essence of it. Okay, thank you. Justice McCain, do you have any questions? No questions. It kind of sounds we're all on a little bit of a delay today, so we just kind of watch that. Obviously, Mr. Whitney, you'll have your time for your rebuttal. Mr. Taylor, go right ahead. Thank you, your honors. Good morning. Good morning, your honors. Good morning, counsel. My name is Ivan O. Taylor, Jr., on behalf of the people in this case today. Starting with the issue regarding jurisdiction, it is the appeal position that this court lacks jurisdiction over the April 19th decision by the trial court, as the trial court did not have jurisdiction at that time. The only, from the defendant's notice of appeal from September 12, 2022, is when the trial court lost its jurisdiction. That's based upon the trial court's order from August 12, 2022. With regards to the reinvestment doctrine, there have not been any cases in which it was the court trying to reinvest itself with jurisdiction, but the reinvestment doctrine case law all refers to when the party litigants trying to give the trial court, reinvest trial court with jurisdiction in that way. This is a unique situation in which the trial court has tried to reinvest itself with jurisdiction, and it's something that's not been seen before in case law in Illinois. With regards to the third requirement, the people argued that the people's position was not inconsistent with the trial court's August 12 ruling, and that ruling that's in the record stated that the trial court had heard the defendant's claim of an offensive counsel against his trial counsel, that after the hearing, that it denied the defendant's motion and then informed the defendant of his right to appeal within 30 days. Even at the April 19th hearing, the people were still agreeing with the trial court that there was no valid claim of ineffective assistance of counsel. That position is not inconsistent with the trial court's August 12 order. In Bailey, it was very clear that both parties must take inconsistent with the order that was the final judgment at the time before the trial court can be reinvested with jurisdiction. However, as the defense counsel noted, if the trial court's August 7th order was specifying that its August 12th order was related solely to a criminal inquiry, then the defendant's notice of appeal would have been premature. Under Rule 606B, the trial court could strike that early notice of appeal and continue on proceedings that way. With regards to the merits on appeal, the trial court did address defendant's request to be pro se. In January of 2023, after counsel was reappointed to assist the defendant, he filed a motion to vacate his appointment. As at his meeting with the defendant, the defendant made it clear that he did not want counsel and that he wanted to be pro se because the defendant wanted to argue that his counsel was ineffective. Obviously, the defense counsel could not argue his own ineffectiveness since he filed a motion to vacate his appointment. After that, the defendant filed a motion in February, which indicated that not only did he dislike the trial court for vacating, for staying his notice of appeal, but also indicated that he wanted to be pro se to argue that his counsel was ineffective. At the April 19th hearing, the trial court granted the defense counsel's motion to vacate appointment. By granting that defendant no longer had counsel, so it did address defendant's unequivocal desire to be pro se by removing counsel from being appointed to him. The trial court did not specify that defendant, you are now pro se, I'm granting your request, but it did grant his request by removing the appointment of counsel. With regards to the 4-1 admonishments, I do argue that this should follow the ruling of the 4th District from People Be Young, in which it held that after a defendant has been convicted in sentence, Rule 401 is no longer applicable. The language of 4-1 always speaks to the fact that the court should not permit a waiver of counsel by a person accused of an offense punishable by imprisonment. Young took the time to analyze this language and found that the plain meaning of this language is that this refers to a time earlier within the proceedings, prior to conviction, prior to sentencing. Once an individual has been convicted in sentence, they're no longer accused of an offense. They have committed that offense and have been convicted of it. We recognize that the 3rd District has come to an opposite conclusion and criticizes Young's holding, but we feel that the 4th District's reasoning is better sound and that it should be filed in the 5th District as well. But even if this court believes that 4-1 months should have been given, case law indicates that you look at the entire record to determine whether the information in 4-1 was provided to the defendant. And as noted in our brief, the nature of the defendant's charges against him, his sentencing, the fact that he has the right to counsel was provided to the defendant on multiple occasions during multiple different hearings. And so he was well aware of his rights to have counsel, his rights to be pro se, and that it was not necessarily required for the court to once again inform him of this information when the defendant was allowed to be pro se. And obviously, as to the argument regarding 604D, since the trial court granted counsel's motion to vacate his appointment, allowing the defendant to be pro se without any counsel, there's no requirement for anyone to file a 604D certificate at that point. Do you have any questions regarding the people's arguments? Justice Moore or Justice McKinney, do you have any questions? No questions.  Well, thank you, Your Honor. We just ask that this court affirm the defendant's convictions and sentence. Any issues not addressed will be within our people's briefs. Thank you. Well, thank you, counsel. Mr. Whitney, go right ahead with your rebuttal. Thank you, Your Honors. I will try to be brief. One point I neglected to make in my earlier presentation is that another fact just to bear in mind is that the court below never transmitted or apparently never transmitted the notice of appeal that was filed in September of 2022 to this court. So right away, apparently, it took the position that this filing was premature, even though it didn't act on that until October 7th. Regarding the fact that it was the court, through its October 7th order, that triggered additional proceedings, and the state argues, well, therefore, the revestment doctrine doesn't apply. Yes, it may be true that there's no case law authority saying that if the court initiates it, the revestment doctrine does apply, but there's nothing that says that it does apply either. What Bailey refers to is the positions taken by the parties. It doesn't say that any party has to initiate the proceedings. It doesn't say that the court can't initiate the proceedings. It just says that the parties have to meet each of those each of the three parts of the three-part test. There's nothing in Bailey that says that a court can't initiate the additional proceedings. So based on that, maybe this is novel law, maybe this is new case law. Nonetheless, there's no reason why the revestment doctrine should not apply. The bases were touched by both parties for the reasons I already stated, so I won't bother repeating all of that. As far as the position taken by the state that, well, the court below did act on the pro se request by Mr. Pitts to represent himself because it agreed to remove counsel, it agreed to remove McGrath. Well, that request first came from McGrath himself, then it came also from Mr. Pitts, and the fact that it acceded to that request is irrelevant. It only did that after it had already ruled for the second time that Mr. Pitts's post-plea motion to withdraw his guilty plea should be denied. So it clearly never acted on the motion by Mr. Pitts to represent himself when it mattered, and it even said on the record that it had refused to read the affidavit by inmate Bradley that was part of Mr. Pitts's pro se motion. So it ignored that. So clearly it did not fully consider the motion for him to proceed pro se, nor did it court. The only thing it did is after it had already ruled that it was going to deny his motion to withdraw his guilty plea the second time, then it said, well, I'll take a look at your, you know, there was literally a 10-minute recess in which it agreed to look at it as an afterthought, and then it said, well, this doesn't change anything, and it put that on the record. But it never expressly granted Mr. Pitts's motion to withdraw his guilty plea, never really allowed him to argue at the hearing on his own behalf without McGrath representing him, and clearly didn't get to any, didn't specifically address any of the merits of anything he had tried to present in his pro se pleadings. So I don't think that this court can take the position that it did in some way act on his motion to represent himself. It clearly did not. The record reflects that. The record shows that. As far as the Rule 604D certificate is concerned, I don't think we reached that issue because the failure to act on the motion to proceed pro se occurred prior in time to the point where McGrath would even have to file his Rule 604D certificate. So I don't think that comes into play, but if the court takes the position that somehow the court did act on the motion to proceed pro se, then I think Rule 604D does apply. McGrath was still representing him up, you know, until the very end, to just before the very end, and the fact that he did not offer any actual amendments to the pro se pleadings is irrelevant for the reasons explained in our briefs. You still have an obligation to tell the court I have no amendments in order to comply with Rule 604D. It's strict compliance. So, you know, if we fail on the self-representation issue, then clearly this has to go back for failure to comply with Rule 604D. I see that my time has expired. Again, I respectfully request that this court vacate the order, the judgment of the to withdraw his guilty plea and remand for further proceedings. Thank you. Thank you, counsel. Before we let you all go, Justice Moore or Justice McKinney, do you have any final questions? No questions. No questions. Thank you, counsel. Obviously, we'll take the matter under advisement. We will issue an order in due course.